UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIO ALEXANDER F.G.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-06922-TLN-SCR<br><br>A# 241-463-244<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 9.) For the reasons set forth below, the habeas petition is GRANTED. Respondents shall IMMEDIATELY RELEASE Petitioner.

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is a noncitizen who entered the United States without admission on or about December 5, 2023.[3] (ECF No. 1 at 5; ECF No. 9-1 at 8.) He was detained by Border Patrol agents and then released on his own recognizance on December 12, 2023. (ECF No. 9-1 at 8, 14.) He was issued a Notice to Appear and placed in immigration proceedings, which remain pending. (*Id.* at 2, 8, 10–12.)

On July 4, 2026, while living in the interior of the country, Petitioner was arrested by local authorities. (ECF No. 9-1 at 2.) The Department of Homeland Security issued an arrest warrant for him on July 5, 2026, and he was transferred to the custody of federal immigration authorities on July 26, 2026. (*Id.* at 2–5.) Petitioner was detained without notice or a hearing to determine if he poses a flight risk or danger to the community. (ECF No. 1 at 4.)

On August 31, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, challenging the lawfulness of his detention. (*Id.*)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

---

[2] These facts are either not contested by Respondents, or are set forth in records provided by them. (*See generally* ECF Nos. 1, 9.)

[3] Petitioner states that he entered the country on December 5, 2023, whereas Respondents' records state that he was encountered by Border Patrol agents on December 6, 2023. (ECF No. 1 at 5; ECF No. 9-1 at 8.) This difference is not material to the analysis conducted below.

*Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his civil immigration detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("1225(b)(2)"). (ECF No. 9.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Respondents' sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). The Ninth Circuit has confirmed that this interpretation of § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are

subject to discretionary detention under 8 U.S.C. § 1226(a) ("§ 1226(a)"). *Id.* at *3. Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2), but instead is subject to discretionary detention under § 1226(a). Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's decision to detain him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high given that Respondents do not argue he is a danger or a flight risk, and he has received virtually no procedural safeguards to ensure his detention is justified. Third, the Government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The Court notes that Respondents put forth no substantive argument on the process due to Petitioner.

Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)[4] The Court further ORDERS as follows:

1. Respondents must IMMEDIATELY RELEASE Petitioner Claudio Alexander F.G. A# 241-463-244 from custody. At the time of release, Respondents must return all of Petitioner's

---

[4] Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 17.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Application to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

4. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

5. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

6. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE